**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOELLE BAILEY,** | : | **CIVIL ACTION NO. 1:04-CV-1632** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **JOHN NASH, WARDEN, et al.,** | : | |
| **Respondents** | : | |

### MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 by petitioner, Noelle Bailey ("Bailey"), an inmate confined at the Federal Correctional Institution (FCI) - Schuylkill, in Minersville, Pennsylvania. Bailey argues that prison officials infringed on his constitutional rights in conducting an investigation into misconduct charges and by finding him guilty of those charges based on insufficient evidence. He also claims that sanctions imposed following a disciplinary hearing constituted cruel and unusual punishment. For the reasons that follow, the petition will be denied.

**I.   Statement of Facts**

On November 7, 2003, during a random search, a corrections officer at FCI-Schuylkill discovered a sharpened eleven-inch metal rod inside the bedpost of the bunk bed shared by Bailey and another inmate. The officer prepared an incident report charging Bailey with possession, manufacture, or introduction of a

weapon, in violation of section 104 of the Bureau of Prisons disciplinary code.[1] The incident report was delivered to Bailey on November 8, 2003.

Bailey appeared before the Unit Disciplinary Committee ("UDC") on November 12, 2003. The UDC referred the charge to the disciplinary hearing officer. A copy of an "Inmate Rights at Discipline Hearing" form and notice of hearing were provided to Bailey on November 12, 2003. (Doc. 8, Ex. 1 at 8-11).

The discipline hearing was held on November 17, 2003. Bailey was present and indicated that he understood his rights. Id. at 13. The disciplinary hearing officer found Bailey to be guilty. The officer relied on the corrections officer's statement in the incident report that an eleven inch sharpened metal rod with black tape and a shoelace as a lanyard was pulled from Bailey's bedpost on November 7, 2003. He also reviewed a digital photograph of the object taken by a corrections officer that clearly depicted the same object described in the incident report.

The disciplinary hearing officer considered Bailey's statement that he was not aware of a weapon in his bedpost and that he should not be held responsible for anything inside the bedpost, particularly in light of the fact that he had only been assigned to the area for the last month. The officer stated that he was persuaded by an October 2003 memorandum authored by the warden and distributed to inmates advising that all inmates sharing a common area are responsible for contraband retrieved from the confines of the living area. The

---

[1] See 28 C.F.R. § 541.13 tbl. 3.

memorandum concludes that, if a "determination regarding ownership cannot be rendered, all cell occupants will be held accountable and subjected to disciplinary action." In the instant case, because the bed was assigned to two specific inmates, both were charged with the contraband.

Also, the disciplinary hearing officer found the information provided by the staff members to be credible and he noted that they would derive no benefit by providing false information. The testimony of Bailey's inmate witness, who was present during the search, was also considered. The inmate confirmed that the corrections officer found the weapon in Bailey's bedpost, but stated that he did not see Bailey place the object in the bedpost and that it could have been there for a while.

After consideration of all the evidence presented at the hearing, the disciplinary hearing officer concluded that Bailey had committed the prohibited act of possession, manufacture, or introduction of a weapon. Bailey was sanctioned with sixty days of disciplinary segregation, disallowance of fifty-four days of good conduct time, forfeiture of 100 days of non-vested good conduct time, and loss of both phone and visiting privileges for 180 days. (Doc. 8, Ex. 1 at 11-13).

## II. Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2241 is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973). A violation of a prisoner's liberty interest may be addressed by a writ of habeas corpus only to the

extent that the alleged violation impacts a prisoner's length of confinement.  See Wolff v. McDonnell, 418 U.S. 539 (1974).  Bailey's claim that his due process rights have been violated, and that the violation has resulted in the imposition of the sanction of loss of good conduct time, which lengthens his prison term, is properly brought in a habeas corpus petition.

However, inasmuch as Bailey claims that the severity of the disciplinary custody and loss of privileges sanctions constituted cruel and unusual punishment under the Eighth Amendment, these claims do not "challenge the very fact or duration of the confinement itself."  Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002). Therefore, they are inappropriately raised by way of a habeas corpus petition. Instead, these claims relate to the "conditions of his prison life" and may be raised by way of a civil rights action.  Id. at 541. Thus, Bailey's Eighth Amendment claims will be dismissed from this habeas corpus action.

While extreme limitations on the due process rights that arise from the Fourteenth Amendment have been imposed by the Supreme Court in Sandin v. Connor, 515 U.S. 472 (1995), the applicability of those protections to matters where an inmate is faced with the loss of good conduct time credit, as is the case here, was left undisturbed.  The disciplinary proceedings challenged by Bailey must be evaluated in this context.

The Bureau of Prisons' ("BOP") disciplinary process is fully outlined in Code of Federal Regulations, Title 28, Sections 541.10 through 541.23.  These regulations dictate the manner in which disciplinary action may be taken should a prisoner

violate, or attempt to violate, institutional rules.  The first step requires filing an incident report and conducting an investigation pursuant to 28 C.F.R. § 541.14.  Staff is required to conduct the investigation promptly unless circumstances beyond the control of the investigator intervene.  28 C.F.R. § 541.14(b).  There is no indication that criminal prosecution was contemplated.  Nor is there any indication that the investigation, which was conducted by a staff member as provided in the regulations, was improper.  Bailey's contention that the investigation should have been referred to the Federal Bureau of Investigations is without support.  See id. ("When it appears likely that the incident may be the subject of criminal prosecution, the investigating officer shall suspend the investigation, and staff may not question the inmate until the Federal Bureau of Investigation . . . interviews have been completed . . . .").

Following the investigation, the matter is then referred to the UDC for a hearing pursuant to 28 C.F.R. § 541.15.  If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions.  If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest severity category, the UDC must refer the matter to a disciplinary hearing officer for a hearing.  Id.  Because Bailey was charged with an offense in the greatest severity category, the matter was referred for a disciplinary hearing.

Greatest severity category offenses carry a possible sanction of loss of good conduct time credits, *inter alia*.  28 C.F.R. § 541.13.  When a prison disciplinary

hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive: (1) written notice of the claimed violation at least twenty-four hours in advance of the hearing, (2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. See Wolff, 418 U.S. at 564. All indications from the record are that the BOP afforded Bailey these protections, and Bailey does not argue otherwise.

However, Bailey does contest the sufficiency of the evidence. He argues that the allegations against him are false, and that the evidence against him is questionable in light of the fact that he resided in a dormitory setting described as a "common area," that housed six to ten men. Also, he shared the bunk bed which contained the weapon with another inmate.

The disciplinary hearing officer's decision is required to be supported by "some evidence" in the record. See Superintendent v. Hill, 472 U.S. 445, 454 (1985); see also Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991) (applying Hill standard to federal prisoner due process challenges to prison disciplinary proceedings). Determining whether this standard is met does not require examination of the entire record, independent assessment of witness credibility, or weighing of the evidence; the relevant question is whether there is any evidence in the record that could support the disciplinary hearing officer's conclusion. See Hill, 472 U.S. at 454. In considering the evidence, as recited in the statement of facts section, *supra*,

the court finds that there was "some evidence" to support the disciplinary hearing officer's decision.  See id. at 455-56 ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. . . . [No] other standard greater than some evidence applies in this context.").  Thus, the petition will be denied with respect to Bailey's claim that there was insufficient evidence to support the disciplinary hearing officer's decision.

Bailey also challenges the severity of the sanctions received.  The sanctions that may be imposed upon a finding of guilt of a "Greatest Category" offense include, *inter alia*, forfeit earned statutory good conduct time or up to 100% of non-vested good conduct time, up to sixty days disciplinary segregation, and loss of privileges.  28 C.F.R. § 541.13.  Bailey is not entitled to relief on this ground as the sanctions imposed upon him are within the range permitted.

An appropriate order will issue.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:    September 21, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NOELLE BAILEY,** : | **CIVIL ACTION NO. 1:04-CV-1632** |
| : | |
| **Petitioner** : | **(Judge Conner)** |
| : | |
| **v.** : | |
| : | |
| **JOHN NASH, WARDEN et al.,** : | |
| : | |
| **Respondents** : | |

## **ORDER**

AND NOW, this 21st day of September, 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED with respect to the Eighth Amendment claims.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED in all other respects.

2. The Clerk of Court is directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge